**NOT FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - - - - - - - - - - -X
In re:   ANNE HILTNER, Debtor                                    Case No: 05-60061 RTL

- - - - - - - - - - - - - - - - - - - - - - - - -X
Anne Hiltner, Plaintiff,

      v.                                                                                Adversary Proc. No. 05-6012 (RTL)

United States, US Attorney's Office,
Office of the President, National Security
Agency, U.S. Department of Labor,

      Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - -X

**OPINION**

**APPEARANCES:**

Anne Hiltner, Pro Se Plaintiff.

Christopher J. Christie,
United States Attorney
Anthony J. LaBruna, Jr., Esq.
Assistant United States Attorney
(Attorneys for Defendants)

**RAYMOND T. LYONS, U.S.B.J.**

      The United States Attorney for the District of New Jersey has moved on behalf of the government defendants to dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.  The government asserts that this court lacks subject matter jurisdiction because of sovereign immunity and the failure to comply with the Federal Court

Claims Act, 28 U.S.C. § 2671 et seq. Furthermore, the government describes the plaintiff's complaint as nonsense and asserts that a "fair reading of the complaint reveals absolutely nothing in the way of a single genuine cause of action." Thus, the government maintains that the complaint fails to state a cause of action and should be dismissed pursuant to Fed. R. Civ. Proc. 12(b)(6).

The plaintiff/debtor filed no written opposition to the motion to dismiss. Nevertheless, she appeared at the hearing on the return date of the motion and voiced her objection to dismissal without specifically addressing the grounds stated by the government. The court asked the government to document its allegations that the plaintiff/debtor had engaged in numerous similar civil litigation, all of which had been dismissed by other courts. Subsequently, on February 3, 2006, the plaintiff/debtor filed a response which did not address the issues of subject matter jurisdiction, sovereign immunity or failure to state a claim. The defendant's motion to dismiss is granted because the plaintiff/debtor has failed to respond to any of the grounds for dismissal alleged in the motion. The motion is essentially unopposed.

In addition, the plaintiff/debtor lacks standing to bring this claim. The plaintiff/debtor filed a petition under chapter 7 of the Bankruptcy Code on October 13, 2005. All assets of hers remain the property of the bankrupt estate and are subject to the control of the chapter 7 trustee. This adversary proceeding was filed on the same date as the petition in bankruptcy, October 13, 2005. At that time, only the trustee had standing to pursue the cause of action, not the plaintiff/debtor. *Cain v. Hyatt,* 101 B.R. 440 (E.D.Pa. 1989). The trustee is aware of this adversary proceeding and has chosen not to intervene as the real party in interest. If the trustee abandons the causes of action alleged in the complaint, it is doubtful this court would have jurisdiction over a suit by a debtor seeking money

2

damages which would not become assets of her bankruptcy estate.  *In re Combustion Engineering, Inc.*, 391 F.3d 190 (3d Cir. 2005); *In re Federal-Mogul Global, Inc*., 300 F.3d 368 (3d Cir. 2002).

For this reason the defendants' motion to dismiss is granted.  The adversary proceeding shall be closed.


Dated: February 24, 2006                                         /S/ ***Raymond T. Lyons***
                                                                                      United States Bankruptcy Judge